UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARK BONO, and
CLARK BONO, INC.,
          Plaintiffs,
    v.                                        **DECISION & ORDER**
                                                      05-CV-281S

MONARCH LIFE INSURANCE
COMPANY,
          Defendant.
_____

## I. INTRODUCTION

In this case, Plaintiffs allege that Defendant Monarch Life Insurance Company ("Monarch") engaged in deceptive practices and fraudulent claims handling with respect to their disability claims. Plaintiffs seek relief pursuant to New York State law, including General Business Law § 349. Currently before this Court is Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

### A. Facts

The following facts, which are alleged in the Complaint, are assumed true for purposes of the instant motion. Defendant Monarch issued policies of disability insurance for Plaintiff Clark Bono and his company, Clark Bono, Inc. (Compl., ¶¶ 1-4). In February of 2004, Mr. Bono tendered proof to Monarch that he had suffered an injury that rendered him disabled. (Compl., ¶ 5). In addition, Mr. Bono filed proof of business losses resulting from his disability. (Compl., ¶ 6). To date, Monarch has failed to pay Mr. Bono disability benefits for either himself or his company. (Compl., ¶ 6). Moreover, Monarch continues to take deductions from Plaintiffs' checking accounts in violation of the insurance policies,

1

which provide that such deductions must cease in the event that the insured becomes disabled. (Compl., ¶ 8).

Monarch's conduct in handling this particular claim is markedly different from how Monarch has responded to claims made by Mr. Bono or his company in the past. (Compl., ¶ 14). In this instance, Monarch has purposefully engaged in tactics to deny or delay the payment of benefits to force Plaintiffs, who are cash poor, to settle their claims. (Compl., ¶¶ 13-19). As a result, Mr. Bono has suffered severe stress, depression and other injuries. (Compl., ¶ 23).

**B.  Procedural Background**

Plaintiffs commenced this action on February 14, 2005, by filing a Summons and Complaint in the New York State Supreme Court, Erie County. On April 25, 2005, Defendant removed this case to the United States District Court for the Western District of New York. On May 10, 2005, Defendant filed the instant Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] This Court heard oral argument on June 29, 2005, and reserved decision at that time. For the reasons that follow, Defendant's Motion for Judgment on the Pleadings is granted.

### III. DISCUSSION

**A.  Judgment on the Pleadings**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Courts faced with motions under Rule 12(c) apply the same standard used to decide

---

[1] In support of its Motion, Defendant filed a memorandum of law, a reply memorandum of law and a supplemental affidavit by Donna M. Lanham. Plaintiffs filed an affidavit by Richard S. Binko in opposition to Defendant's Motion.

motions brought under Rule 12(b).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  That is, the court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  Id.  The case cannot be dismissed unless the court "is satisfied that the complaint cannot state any set of facts that would entitle [plaintiff] to relief."  Id.

**B.     Defendant's Motion to Dismiss**

Plaintiffs' Complaint is construed to assert the following claims: (1) breach of contract; (2) violation of General Business Law § 349; (3) fraudulent claims handling; and (4) intentional or negligent infliction of emotional distress.  Plaintiff also seeks punitive damages.  Defendant argues that Plaintiffs' non-contractual claims and their claim for punitive damages should be dismissed under Rule 12(c).  This Court will address each disputed claim in turn.

**i.     General Business Law § 349**

Under  New York's General Business Law ("G.B.L.") § 349, a private party may file suit seeking recovery for injuries to consumers caused by a business's unfair or deceptive practices.  N.Y. GEN. BUS. § 349(h).  To state a claim under G.B.L.  § 349, a plaintiff must "as a threshold matter, . . . charge conduct of the defendant that is consumer-oriented." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25 (N.Y. 1995).  In other words, the plaintiff must "demonstrate that the [defendant's] acts or practices have a broader impact on consumers at large."  Id.

It is well-settled that G.B.L. § 349 does not apply to breach of contract disputes between private parties.  See Oswego, 85 N.Y.2d at 25 (stating that "[p]rivate contract disputes, unique to the parties . . . would not fall within the ambit of [G.B.L. § 349]"); see also Daniels v. Provident Life & Cas. Ins. Co., 00-CV-668E, 2001 WL 877329, at *8

(W.D.N.Y. July 25, 2001) (noting that "private contract disputes between the insured and insurer over policy coverages or the processing of claims are not covered by [G.B.L. § 349] because such disputes do not affect the consuming public at large"); MaGee v. Paul Revere Life Ins. Co., 954 F. Supp. 582, 586 (E.D.N.Y. 1997) (holding that under G.B.L. § 349, "the [alleged] injury must be to the public generally as distinguished from the plaintiff alone").

Several courts in this Circuit have held that a plaintiff cannot state a claim under G.B.L. § 349 based solely upon the blanket assertion that the defendant's conduct was "consumer-oriented" or "directed at the general public." See, e.g., MaGee, 954 F. Supp. at 586-87; Daniels, 2001 WL 877329, at *8; Barroso v. Polymer Research Corp. of Amer., 80 F. Supp. 2d 39, 43 (E.D.N.Y. 1999); Allahabi v. New York Life Ins. Co., No. 98-CIV-4334, 1999 WL 126442, at *2-3 (S.D.N.Y. Mar. 10, 1999). Moreover, conclusory allegations made on the basis of "information and belief" have been found to "fall far short" of the standard necessary to state a claim under G.B.L. § 349. Tinlee Enter., Inc. v. Aetna Cas. & Sur. Co., 834 F. Supp. 605, 610 (E.D.N.Y. 1993) (dismissing the plaintiff's G.B.L. § 349 claim while drawing "particular attention to the fact that the most significant contentions made by [the plaintiff] are alleged on the basis of 'information and belief'").

To defeat a motion to dismiss or motion for judgment on the pleadings, a plaintiff advancing a claim under G.B.L. § 349 "must allege *facts* showing injury or potential injury to the public." Greenspan v. Allstate Ins. Co., 937 F. Supp. 288, 294 (S.D.N.Y. 1996) (emphasis added). The reasoning behind this rule is straightforward -- "any other conclusion would permit a plaintiff to convert any garden variety breach of contract cause of action into a violation of [G.B.L. §] 349." MaGee, 954 F. Supp. at 586.

In the present case, this Court finds that the allegations contained in Plaintiff's

Complaint are insufficient to satisfy the standards outlined above. The Complaint alleges simply that Monarch's "conduct and claims handling injures the public at large" and is "systemic." (Compl., ¶¶ 10, 19). Further, Plaintiffs allege that Defendant "delay[s] paying claims . . . [to] the plaintiffs and others who are cash poor because of their disabilities to try to take advantage of them in a vulnerable state [sic] to force them to settle." (Compl., ¶ 19). Finally, Plaintiff alleges that "[u]pon information and belief[,] the negligence of the defendant consists of . . . engaging in conduct that is detrimental to their claim holders[,] including people with disabilities." (Compl., ¶ 26).[2] These conclusory allegations, made upon information and belief, fail to state a claim under G.B.L. § 349. Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to this claim is granted.

### ii.    Fraudulent Claims Handling

It is well-settled that New York law does not permit an insurance claimant to convert a breach of contract claim into a tort claim by alleging that the insurer handled his claims fraudulently or in bad faith. See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 320 (N.Y. 1995) (holding that the plaintiff's allegation that defendants engaged in a "sham" investigation to perpetuate their allegedly fraudulent scheme to deny valid claims "merely evidence plaintiff's dissatisfaction with defendants' performance of the contract obligations and do not constitute an independent tort claim").

New York State Appellate Courts have rejected independent claims of an insurer's bad faith, as a matter of law. See, e.g., Makuch v. New York Cent. Mut. Fire Ins. Co., 12 A.D.3d 1110, 1111 (4th Dep't 2004) (holding that allegations that defendant violated "the

---

[2]Notwithstanding the conclusion that Plaintiff has failed to state a claim under G.B.L. § 349, this Court finds that Plaintiff's own allegations belie his claim that Defendant routinely delays and denies insurance claims. For example, Plaintiff alleges that "the defendant's conduct in handling this claim is markedly and significantly different from the handling of any of the other prior claims that the plaintiffs have had over the years with defendant." (Compl., ¶ 14).

implicit contractual duties of good faith and fair dealing" are not sufficient to state a "violation of a duty independent of the contract"); Logan v. Empire Blue Cross & Blue Shield, 275 A.D.2d 187, 193-94 (2d Dep't 2000) (holding that there was no basis for determining that the defendant insurance company's conduct in denying claims for Lymes disease constituted a tort independent of the contract).

Likewise, federal courts applying New York law have dismissed similar claims at the pleadings stage. See, e.g., Sichel v. UnumProvident Corp., 230 F. Supp. 2d 325, 329 (holding the claim that insurers conspired to defraud the plaintiff through a rigged independent medical examination must be dismissed under New York University "for such a claim cannot stand as a distinct cause of action"); Brown v. Paul Revere Life Ins. Co., No. 00CIV9110(KMW)(HBP), 2001 WL 1230528, at *3-4 (S.D.N.Y. Oct. 16, 2001) (denying the plaintiff's motion to amend his complaint to assert a claim for "bad faith refusal to pay benefits," because New York does not recognize a separate claim for bad faith denials of insurance claims); Wiener v. Unumprovident Corp., 202 F. Supp. 2d 116, 123 (S.D.N.Y. 2002) (dismissing the plaintiff's independent tort action for bad faith denial of insurance coverage on the basis that such claims are not recognized under New York law). Based on the foregoing, Plaintiff's cause of action for fraudulent claims handling must be dismissed.

### iii. Intentional or Negligent Infliction of Emotional Distress

To maintain a claim of intentional infliction of emotional distress, a plaintiff must satisfy the following elements: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress. Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. New York Post Co.,

6

81 N.Y.2d 115, 121 (1993)); see also Walker v. New York City Transit Auth., No. 99 CIV. 3337(DC), 2001 WL 1098022, at *14 (S.D.N.Y. Sept. 19, 2001).  "The requirements of the rule are rigorous, and difficult to satisfy."  Matthews v. Malkus, 377 F. Supp. 2d 350, 360 (S.D.N.Y. 2005) (quoting Howell, 81 N.Y.2d at 122).

"Even at the motion to dismiss stage, courts are generally reluctant to find that a plaintiff has satisfied the first element of this test."  Swanston v. Pataki, No. 97 Civ. 9406 MJLKTD, 1999 WL 504905, at *6 (S.D.N.Y. July 15, 1999); see also Hagie v. Gen. Motors Corp., No. 98-CV-0634E(H), 1999 WL 222607, at *3 (W.D.N.Y. Apr. 6, 1999).  "It is not enough that a defendant's intent was tortious, or even criminal, that its conduct was aimed at inflicting emotional distress or that such conduct was characterized by malice or a degree of aggravation that would support an award of punitive damages in connection with recovering damages for a different tort."  Hagie, 1999 WL 222607, at *2.  Rather,  a cause of action for either intentional or negligent infliction of emotional distress must be supported by allegations of conduct by a defendant that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  Howell, 81 N.Y.2d at 122; see also Matthews, 377 F. Supp. 2d at 361.  "Such extreme and outrageous conduct must be clearly alleged in order for the complaint to survive a motion to dismiss."  Matthews, 377 F. Supp. 2d at 361 (citing Dillon v. City of New York, 261 A.D.2d 34, 38 (1st Dep't 1999)); see also Sheila C. v. Povich, 11 A.D.3d 120, 130-31 (1st Dep't 2004).

"A cause of action for negligent infliction of emotional distress must be premised upon the breach of a duty owed to plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety."  Matthews, 377 F. Supp. 2d at 361 (citing E.B. v. Liberation Publs., Inc., 7 A.D.3d 566, 566

(2d Dep't 2004); <u>Johnson v. New York City Bd. of Educ.</u>, 270 A.D.2d 310, 312 (2d Dep't 2000)). New York courts also recognize this cause of action "in cases where there is 'an especial likelihood of genuine and serious mental distress, arising from . . . special circumstances, which serves as a guarantee that the claim is not spurious.'"  <u>Baker v. Dorfman</u>, 239 F.3d 415, 421 (2d Cir. 2000) (quoting <u>Johnson v. State</u>, 37 N.Y.2d 378, 382 (1975)). In the instant case, it cannot be said that the allegedly improper handling of Mr. Bono's disability claims endangered his safety or caused him to fear for it, presented greater likelihood of emotional distress, or was so outrageous as to be regarded as atrocious and utterly intolerable in a civilized community. Assuming the truth of Plaintiff's allegations, this Court finds that the facts do not support a claim for intentional or negligent infliction of emotional distress. Accordingly, this claim must be dismissed.

    **iv.**    **Punitive Damages**

Where an action arises from a breach of contract, a plaintiff must meet the following four elements to sustain his or her claim for punitive damages: (1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of an egregious nature; (3) the egregious conduct must be directed at plaintiff; and (4) it must be part of a pattern that is directed at the public generally. <u>New York Univ.</u>, 87 N.Y.2d at 316. "[T]he threshold task for a court considering defendant's motion to dismiss a cause of action for punitive damages is to identify a tort independent of the contract." <u>Id.</u> If a court cannot identify an independent tort in the plaintiff's pleadings, the claim for punitive damages must be dismissed. See <u>Rocanova v. Equitable Life Assur. Soc. of U.S.</u>, 83 N.Y.2d 603, 615 (N.Y. 1994).

This Court finds that Plaintiff has failed to assert an independent tort for fraudulent claims handling, or intentional or negligent infliction of emotional distress. All that remains

8

is Plaintiffs' claim for breach of an insurance contract. As set forth above, it is well-established that an alleged breach of contract, standing alone, is insufficient to support a claim for punitive damages. See Safeguard Ins. Co. v. Angel Guardian Home, 946 F. Supp. 221, 232 (E.D.N.Y. 1996); Saint Calle v. Prudential Ins. Co. of Amer., 815 F. Supp. 679, 688 (S.D.N.Y. 1993). Accordingly, Plaintiffs claim for punitive damages must also be dismissed.

### IV.  CONCLUSION

Based on the foregoing, this Court finds that Plaintiffs have failed to state a claim under G.B.L. § 349, or for intentional or negligent infliction of emotional distress. In addition, Plaintiffs' cause of action alleging fraudulent claims handling is not cognizable under New York law. Given that Plaintiffs have failed to assert a tort independent of breach of contract, their claim for punitive damages must be dismissed. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.

### V.  ORDERS

IT HEREBY IS ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 3) is GRANTED.

FURTHER, that with the exception of Plaintiffs' breach of contract claim, all of the claims set forth in Plaintiffs' Complaint are dismissed.

SO ORDERED.

Dated:   March 26, 2006
         Buffalo, New York

                                               /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge